IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHERYL ANN SCHRAMM,<br>                Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>                Defendant. | Case No. 2:10-cv- 02012 - PHX - TMB<br><br>ORDER AND OPINION |

## I. MOTION PRESENTED

Plaintiff Cheryl Schramm ("Schramm") applied to the Social Security Administration ("SSA") for disability insurance benefits and SSI in May of 2005.[1] After a hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision,[2] and the Appeals Council denied review.[3] Schramm filed a complaint in this court challenging the final decision of the SSA.[4] Thereafter, Schramm filed a motion for summary judgment at docket 21 requesting that the case be remanded to SSA for award of benefits. Defendant Michael J. Astrue ("the Commissioner") filed a motion to remand at Docket 24, and a memorandum requesting further proceedings at Docket 25. Schramm objected to the Commissioner's Motion to Remand at Docket 26. For the reasons stated below, the case is remanded for award of benefits.[5]

---

[1]Docket 1; Administrative Record ("AR") 59-66.

[2]AR 14-25.

[3]AR 8-10.

[4]Docket 1.

[5]Oral argument was not requested and would not assist the court.

## II. RELEVANT BACKGROUND

Schramm filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") in May of 2005. After being denied initially and on reconsideration, an ALJ denied her claim in a decision dated April 7, 2008. When the Appeals Council denied her request for review, the ALJ's decision became the final decision of the Commissioner,[6] and Schramm timely filed a request for review with this Court.[7]

Schramm initially alleged disability due to thyroid disorder, heart murmur, Raynaud's disorder, a bulging disc, sciatica, asthma, sleep apnea, irritable bowel syndrome, and allergies. She later amended this, adding chronic vitamin B12 and iron deficiencies, secondary to gastric bypass surgery, deep vein thrombosis causing recurrent blood clots in the lungs, headaches, fibromyalgia, carpal tunnel syndrome, depression, back pain, anemia, insomnia, and medication side-effects.

In his decision, the ALJ did not address the may statements made by Schramm's family and friends in support of her disability claim.[8] The ALJ did not address the opinions of Drs. Fife and Dodick, and rejected the opinion evidence of Dr. Ladha without giving a persuasive reason for instead giving weight to the opinions of state examining physicians.[9] The ALJ rejected

---

[6] *Baston v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193 n.1 (9th Cir. 2004) (citing 20 C.F.R. §404.981).

[7] 42 U.S.C. §405(g).

[8] AR 141-146, 156-91.

[9] AR 268-71, 379-87, 1100-12, 1596-99, 2138, 2144-45, 2155-60.

Schramm's testimony concerning the intensity, persistence, and limiting effects of her symptoms as inconsistent with his RFC finding for reasons that were not entirely explained.[10]

### III. STANDARD OF REVIEW

The Social Security Act provides for payment of DIB to people who have contributed to the Social Security program and who suffer from a physical or mental disability.[11] Upon denial of disability benefits after a hearing by an Administrative Law Judge ("ALJ"), a claimant may request that the SSA Appeals Council review the ALJ's decision.[12] A person is not disabled if he or she is capable of engaging the "substantial gainful work which exists in the national economy."[13]

On *de novo* review, a district court may enter, upon the pleadings and a transcript of the record, a judgment affirming, modifying, or reversing the ALJ's decision, with or without remanding the case for a rehearing.[14] On *de novo* review, the district court may enter, upon the pleadings and a transcript of the record, a judgment affirming, modifying, or reversing the ALJ's decision, with or without remanding the case for a rehearing.[15] The district court must uphold the

---

[10] AR 145-146, 2133-57. AR 22-23 (The decision rejected the testimony "for reasons explained below," but then never addressed the testimony and based its RFC finding on partial and improperly discounted evidence).

[11] 42 U.S.C. § 423(a)(1).

[12] 20 C.F.R. § 404.967.

[13] 42 U.S.C. § 423(d)(2).

[14] 42 U.S.C. §405(g).

[15] *Id*.

3

ALJ's decision if it is supported by substantial evidence and the ALJ has applied the correct legal standards.[16] When the claimant is clearly disabled, the claimant is entitled to benefits, and the Court may direct the Agency to award them on remand.[17]

## IV. DISCUSSION

Both Schramm and the Commissioner agree that this case needs to be remanded to SSA. They disagree as to the severity of the errors, and whether this Court should remand for an award of benefits or for further proceedings. This Court agrees that obvious procedural errors by the ALJ require a remand.[18] Thus, the discussion to follow will focus on whether the case should be remanded for award of benefits or for further proceedings.

Schramm presents the following issues for review: 1) ALJ failed to properly consider and evaluate treating physicians' opinions; 2) ALJ failed to find Schramm's obesity "severe" at Step Two; 3) ALJ failed to evaluate third party statements; 4) ALJ found that Schramm's depression and fibromyalgia were not severe at Step Two; 5) ALJ rejected Schramm's credibility by failing to comply with the requirements of SSR 96-7p; 6) ALJ relied on VE testimony without discussing its departure from the Labor Handbook as required by SSR 00-4p.

The Commissioner concedes that the ALJ failed to correctly evaluate the opinions of

---

[16] *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2001). See also *Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir. 1992) (citing *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990)).

[17] *Strauss v. Comm'r of Soc. Security*, __ F.3d __, 2011 WL 1108221 (C.A.9 (Or.)) (citing *Benecke v. Barnhart,* 379 F.3d 587, 590 (9th Cir.2004).

[18] *Gallant v. Heckler*, 753 F.2d 1450,1453 (9th Cir., 1984) (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir.), *cert. denied*, 409 U.S. 859, 93 S.Ct. 144, 34 L.Ed.2d 105 (1972)).

medical sources and lay witnesses, did not adequately address the severity and associated limitations of all Schramm's impairments, and thus failed to properly evaluate Schramm's credibility, RFC, and ability to perform past work. The ALJ also improperly used VE's testimony. Thus, the Commissioner only disagrees with Schramm about the appropriate remedy: Schramm believes the evidence conclusively shows a determination of disabled would be appropriate, while the Commissioner argues that the evidence still is in doubt.

This Court agrees with both parties that Schramm's obesity, depression, and fibromyalgia should have been considered "severe" at Step Two.[19] Additionally, the ALJ failed to properly explain why he disregarded *treating* physician or third-party opinions.[20] As a result, the ALJ did not properly discuss what evidence in the record led to his decision.[21] An ALJ effectively rejects a treating physician's opinion where he ignores it in his opinion and makes contrary findings. "[The] failure to offer reasons for doing so [is] legal error."[22] The ALJ must set out a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."[23] The ALJ is not required to discuss each item of evidence, but he

---

[19]The 1,100 page record contains years of credible evidence in which multiple sources evaluate the plaintiff's pain symptoms. Schramm was obese during the relevant period, as indicated by the medical record. The plaintiff's multiple medical problems contributed to depression. *See e.g.,* AR 1095-99, 1101-05, 1109-12, 1126-29, 1637-46, 1788-89, 1825-26, 1836-38, 1841, 1854-57, 2062, 2078, 2080, 2085, 2138, 2144, 2157-58, 2162.

[20]*Nguyen*, 100 F.3d at 1467.

[21]AR 21-25.

[22]*Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir.1996).

[23] *Id*. at 600-01; *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.1989).

must explain why "significant probative evidence has been rejected."[24] The ALJ rejected significant probative evidence either giving inadequate reasons or without comment. Defendant concedes that on remand the record may establish that Schramm has greater limitations than the ALJ initially found, but argues that this is not the end of the inquiry. That is correct: the record must establish that the Plaintiff's impairments render her unable to work. Because that is true here, remand for an award of benefits is appropriate in this case.

The ALJ's residual functional capacity finding does not include all of Schramm's severe impairments. Parties agree that Schramm suffers from non-exertional impairments, which precludes the use of the Grids.[25] Thus, the ALJ was required to rely on expert testimony by a vocational expert to determine which jobs, if any, existed in the national economy that Schramm could perform. The VE testified that Plaintiff's limitations, even assuming only the most conservative of those limitations which were diagnosed by treating physicians, precluded her from obtaining significant gainful employment in the national economy.[26]

---

[24]*Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir.1984).

[25]The Grids may be used only where they "completely and accurately represent a claimant's limitations." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999); *see Jones v. Heckler*, 760 F.2d 993, 998 (9th Cir. 1985). Accordingly, if a claimant suffers from non-exertional limitations, the ALJ may not apply the grids because they are based on strength factors only. See 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(b); see also 20 C.F.R. §§ 404.1569a; 416.969a (defining non-exertional limitations as limitations that do not directly affect a claimant's [muscular] strength); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 576-77 (9th Cir. 1988). Thus, Schramm's depression, obesity, and fibromyalsia precluded use of the Grids.

[26]Without the ability to effectively use her arms and hands for feeling, fingering, and handling (which was established and endorsed), Schramm could not return to her past relevant work activity. AR 2158. Considering Dr. Fife's identified restrictions, the vocational expert testified that Schramm would be unable to maintain any vocation, even excluding the stress limitations. AR 2160. Finally, just considering Schramm's RFC based on her pulmonary

Where, as here, the record is thoroughly developed and no useful purpose would be served by further administrative proceedings, it is within the Court's discretion to remand for an award of benefits.[27] The ALJ's reasons for discrediting numerous medical and non-medical sources were inadequate or absent. The opinions of Drs. Fife, Anthony, Ladha, Dodick, Schramm's testimony and the lay evidence presented were improperly discounted, and if credited as true, would leave no outstanding issues to be resolved. Even without some or all of these opinions being credited as true, it is clear from the record and the testimony of the vocational expert that Schramm is disabled. Here "the ALJ posed to the vocational expert not only a hypothetical question based on the ALJ's RFC assessment, but also hypothetical questions that incorporated the pain and physical limitations testified to by [the Plaintiff]. Although the ALJ later decided that these limitations were not credible, the vocational expert's testimony establishes that taking [Plaintiff's] testimony as true, [s]he was disabled."[28] Contrary to Defendant's position, the record already establishes that Schramm is disabled; Defendant argues that the case should be remanded to consider evidence that could only be used to further establish that Schramm is disabled.[29]

Because further administrative proceedings would simply unnecessarily delay Schramm's

---

attacks, based on Dr. Anthony's observations, the VE testified that these conditions would also preclude past relevant work or finding alternate substantial gainful activity. AR 2161-62.

[27]*Varney v. Sec. of HHS* ["*Varney II*"], 859 F.2d 1390 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1293 (9th Cir. 1996).

[28]*Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007).

[29]Dkt. 25 at 7-8; *cf. Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (Remand for award when "it is clear from the record that the ALJ would be required to find the claimant disabled were [the improperly rejected] evidence credited.").

7

receipt of benefits, the case will be remanded with directions to award DIB and SSI benefits.[30]

## V.  CONCLUSION

For the reasons set forth above, the Plaintiff's Motion for Summary Judgment at Docket 21 is GRANTED, and Defendant's Motion to Remand at Docket 24 is MOOT. This case will be remanded to the Commissioner to award benefits.

DATED, this 3rd day of August, 2011.

/s/ Timothy M. Burgess
JUDGE TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[30]*See Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985); *Varney II* at 1399.